# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 09-480V
Filed: October 8, 2015
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ADAM C. SIMON and                             *
NICOLE M. SIMON, parents and                  *
natural guardians of D.C.S., a minor,         *
                                              *
              Petitioners,                    *
                                              *    Autism; Failure to Prosecute;
       v.                                     *    Failure to Follow Court
                                              *    Orders; Dismissal
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION DISMISSING PETITION

       On July 24, 2009, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program,[1] alleging that D.C.S. was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. I hereby dismiss this petition because Petitioners have failed to prosecute or prove this case.

       For more than six years, Petitioners have been unable to produce an expert report in support of their claim. On August 27, 2012, Petitioners were ordered to file an expert report within 60 days, or periodic status reports describing their progress toward obtaining such report. (ECF No. 24.) Over the next year, Petitioners filed a series of status reports indicating that more time would be needed to provide Petitioners' expert report. (*See* ECF Nos. 25, 27, 28, 29.)

       On August 8, 2013, Petitioners were again ordered to file an expert report in support of their Petition. (ECF No. 30.) Petitioners then filed a series of motions and status reports indicating that Petitioners needed additional time to provide an expert report. (*See* ECF Nos. 31, 34, 37, 38, 40, 41, 43, 46, 48.) Additional time was allowed. On September 15, 2014, Petitioners filed a Motion requesting another thirty days, to determine what further action they would take. (ECF No. 49.) That motion was granted. (ECF No. 50.)

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 15, 2014, Petitioners' counsel filed a Motion for an extension of time, indicating that they did not have an expert report, but requesting thirty days to confer with Petitioners and file an appropriate motion. (ECF No. 51.) That request was granted (ECF No. 52.) Thereafter, Petitioners filed a series of status reports indicating that counsel was conferring with Petitioners in anticipation of receiving authorization from them to file an appropriate motion. In response, I granted Petitioners additional time to confer with counsel about the status of this case. (*See* ECF Nos. 54, 56, 58, 60, 62.)

On March 2, 2015, Petitioners filed a status report indicating that they would soon file a motion for interim attorneys' fees and costs, and a motion to allow Petitioners' counsel to withdraw as counsel of record. (ECF No. 63.) On March 4, 2015, I issued an Order noting the pending withdrawal of Petitioners' counsel, and specifically stating that "Petitioners are hereby put on notice that they will soon have to represent themselves," and they should "proceed *now* with efforts to obtain an expert medical report." (ECF No. 64.) Subsequently, I granted Petitioners' motions regarding interim attorneys' fees and costs (ECF No. 84), and the withdrawal request of Petitioners' counsel (ECF No. 88.)

On April 30, I ordered Petitioners to file an expert report by July 30, 2015. (ECF No. 68.) Following the withdrawal of Petitioners' counsel, on July 20, 2015, I filed an Order repeating my instructions directly to the *pro se* Petitioners, to file the opinion of a medical doctor in support of their claim, by July 30, 2015. (ECF No. 90.)

On July 29, 2015, Petitioners filed a status report requesting additional time to file their expert report. (ECF No. 91.) I filed an Order allowing Petitioners until October 5, 2015, to file an expert report. (ECF No. 93.) That Order included a "Final Warning" to Petitioners that if they did not file an expert report by that date, their petition would be dismissed for failure to prove their claim. (*Id*.)

Petitioners did not file a timely expert report, nor did they request more time to do so. It is petitioners' duty to prosecute their case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Accordingly, **this case is dismissed for failure to prosecute and failure to follow court orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                George L. Hastings, Jr.
                                              Special Master